UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE THOMAS MIXON, | 1: 07 CV 01077 OWW  WMW HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS RE MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| v. | [Doc. 9] |
| BEN CURRY, WARDEN, | |
| Respondent. | |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.  Pending before the court is Respondent's motion to dismiss.

**PROCEDURAL HISTORY**

On July 22, 1990, Petitioner was sentenced to serve a term of twenty-five years to life in state prison after a jury convicted him of possession of cocaine and the trial court found true allegations that Petitioner had suffered five prior convictions within the meaning of California's Three Strikes

1  Law.

2  Petitioner filed a direct appeal with the California Court of Appeal, Fifth Appellate District.
3  On December 13, 2000, the Court of Appeal affirmed the judgment. Petitioner filed a petition for
4  review with the California Supreme Court, which denied the petition on February 21, 2001.

5  Petitioner subsequently filed six pro se state post-conviction proceedings. The California
6  courts denied Petitioner relief in each of the six cases.

7  On January 11, 2002, Petitioner filed a federal habeas corpus petition challenging the same
8  conviction which he is challenging in the present case. The case was assigned case number CV-F-
9  02-5057 DLB HC. The court denied the petition on June 16, 2004, and denied Petitioner's request
10 for a certificate of appealability on July 26, 2004. On October 8, 2004, the United States Court of
11 Appeal for the Ninth Circuit denied Petitioner's request for a certificate of appealability.

12 Petitioner filed the present action on July 26, 2007.

### LEGAL STANDARDS

<u>JURISDICTION</u>

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); <u>Williams v. Taylor</u>, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. In addition, the conviction challenged arises out of the Kern County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting <u>Drinkard v. Johnson</u>, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the

AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000).  "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted).  "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

## DISCUSSION

Respondent moves to dismiss this petition on the ground that it is an unauthorized second or successive petition. Petitioner has not opposed or otherwise responded to the petition.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the Petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the Attorney General, thus avoiding the necessity of a formal answer as to that ground." The Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982). Based on the Rules Governing Section 2254 Cases and case law, the court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

Under AEDPA's "gatekeeping" provisions, an applicant seeking to file a second or successive petition must obtain from the appropriate court of appeals an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Section 2244(b)(2) provides that a claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

> (A) the applicant shows that the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underling the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A)-(B).

As stated above, prior to filing the present petition, Petitioner filed in this court a petition challenging the same conviction and sentence. <u>Mixon v. Lamarque</u>, CV-F-02-5057 DLB HC. The court denied the petition on June 16, 2004. In light of this prior federal habeas challenge to his conviction and sentence, Petitioner's present challenge to the same conviction is a second or successive petition. Petitioner has not obtained from the Ninth Circuit the required order under 28 U.S.C. § 2244(b)(3)(A), authorizing him to file such a second or successive petition in this court. Accordingly, this court lacks jurisdiction over the present petition and must dismiss it.

Based on the foregoing, IT IS HEREBY RECOMMENDED as follows:

1) that Respondent's motion to dismiss be GRANTED;

2) that this petition be DISMISSED without prejudice to Petitioner's right to obtain the necessary authorization from the Ninth Circuit to proceed with this second or successive petition;

3) that the Clerk of the Court be directed to enter judgment for Respondent and to close this case.

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   June 3, 2008                         /s/  William M. Wunderlich**

UNITED STATES MAGISTRATE JUDGE